805 P.2d 1240

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stanislaus ZIELINSKI,
Defendant–Appellant.**

No. 18334.

Supreme Court of Idaho,
Twin Falls, October 1990 Term.

Feb. 20, 1991.

Randy J. Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., and Michael J. Kane, Deputy Atty. Gen., Boise, for plaintiff-respondent. Michael J. Kane, argued.

JOHNSON, Justice.

This case involves the procedure for issuing a search warrant. The case was dis-

missed by the magistrate judge because no record existed of an oral affidavit that was presented in support of a search warrant issued by another magistrate judge. Following *Ebersole v. State*, 91 Idaho 630, 428 P.2d 947 (1967), we hold that the lack of a record of an affidavit upon which the issuance of a search warrant was based requires suppression of the evidence seized pursuant to the warrant.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

A detective in Cassia County presented oral testimony to a magistrate judge in support of an application for a search warrant of Stanislaus Zielinski's business. The magistrate judge apparently attempted to tape record the testimony of the detective.

The magistrate judge issued a search warrant, and a search was conducted. Cocaine, drug paraphernalia, and approximately $75,000.00 in cash were seized during the search. Zielinski was charged with possession of cocaine with intent to deliver.

A preliminary hearing was scheduled. Prior to the preliminary hearing, Zielinski requested a transcript of the testimony presented in support of the search warrant. It was then discovered that the tape that was thought to contain this oral testimony was blank. There was no other record of the detective's testimony given in support of the application for the search warrant.

At the time scheduled for the preliminary hearing, counsel for Zielinski moved to dismiss the charges. The grounds for the motion were that the evidence seized in the search, conducted pursuant to the warrant, would be suppressed if Zielinski were held to answer before a district judge because of the lack of a record to support the issuance of the warrant. The magistrate judge dismissed the complaint against Zielinski.

The state appealed the dismissal of the complaint to the district judge. The district judge reversed the ruling of the magistrate judge and remanded the case to the magistrate's division to allow the state the opportunity to reconstruct the record as to the probable cause which supported the issuance of the search warrant. Zielinski appealed to this Court.

## II.

### THE STATE WAS ENTITLED TO APPEAL TO THE DISTRICT JUDGE.

■ Zielinski asserts that the district judge did not have jurisdiction to consider the state's appeal of the dismissal ordered by the magistrate judge. Zielinski argues on the basis of *State v. Ruiz*, 106 Idaho 336, 337, 678 P.2d 1109, 1110 (1984) that the state's only remedy was to refile the complaint. We disagree.

■ We first note that I.C.R. 5.1 specifically provides that motions to suppress must be made in a trial court and are not to be made before a magistrate judge in felony cases. The rule also states that "if at the preliminary hearing the evidence shows facts which would ultimately require the suppression of evidence sought to be used against the defendant, such evidence shall be excluded and shall not be considered by the magistrate in his determination of probable cause." Since the state did not object to the magistrate judge's consideration of Zielinski's motion, which was presented before the preliminary hearing began, the state waived any objection that it might have had to the procedure the magistrate judge followed.

Zielinski's reliance on *Ruiz* is misplaced. *Ruiz* involved the dismissal of a criminal complaint by a magistrate judge following a preliminary hearing in a felony case on the ground that the state had not shown probable cause that the defendant committed the crimes charged. The state appealed the dismissal. This Court held that the state was not entitled to appeal the dismissal, but could file another complaint before another magistrate judge, "in effect having its assertion of error resolved in a new preliminary hearing." 106 Idaho at 337, 678 P.2d at 1110.

In this case, the preliminary hearing was not conducted and, therefore, no evidence

was presented. Under these unique circumstances, *Ruiz* is not applicable. We also note that the deputy attorney general, who represented the state at the oral argument in this case, represented to the Court that we should not address whether there was other evidence that might have been presented to the magistrate judge in a preliminary hearing in order to have established probable cause requiring that Zielinski be held to answer before a district judge. In effect, the state has stipulated that the only evidence it could have presented in a preliminary hearing to establish probable cause was the evidence seized pursuant to the search warrant. The question that would have been presented to a new magistrate judge would have been the same question of law presented to the magistrate judge who dismissed the complaint, not the reweighing of the same or additional evidence to determine if probable cause existed.

## III.

### EBERSOLE IS CONTROLLING. THE MAGISTRATE JUDGE WAS CORRECT IN DISMISSING THE COMPLAINT.

Zielinski asserts that the magistrate was correct in dismissing the complaint. We agree.

■ We first note that this case does not involve the good faith exception to the exclusionary rule established by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and by this Court in *State v. Prestwich*, 116 Idaho 959, 960, 783 P.2d 298, 299 (1989). Our concern here is the lack of compliance with specific requirements of our statutes and rules of criminal procedure for preserving the record upon which a search warrant was issued.

I.C. § 19–4403 states:

A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person,

and particularly describing the property and the place to be searched.

I.C.R. 41(c) contains these requirements:

A warrant shall issue only on an affidavit or affidavits sworn to before a district judge or magistrate or by testimony under oath and recorded and establishing the grounds for issuing a warrant.... Before ruling on a request for a warrant the district judge or magistrate may require the affiant to appear personally and may examine under oath the affiant and any witnesses he may produce, provided that such proceeding shall be taken down by recording equipment and shall be considered a part of the affidavit.

■ The statute and the rule, together, establish that there must be a record made of any oral affidavit that is presented in support of a search warrant. This record is absent here.

In *Ebersole*, this Court dealt with a somewhat similar situation to the one presented in this case. There, the record of the defendant's plea of guilty before a district judge did not contain evidence that the district judge had followed mandatory statutory requirements in conducting the defendant's arraignment in which the defendant pleaded guilty. Neither the minutes of the clerk of the court concerning the proceedings nor a transcript by the court reporter existed. 91 Idaho at 633–34, 428 P.2d at 950–51.

In *Ebersole*, the Court said:

[The defendant] was unable to secure a transcript by the court reporter of what, in fact, transpired before the [district judge]. Nor was he able to secure court minutes prepared by the clerk of that court. All that he could do was rely upon his own testimony, and be faced with the testimony of the district judge testifying from his own recollection of what transpired in court, and the potential testimony of the prosecuting attorney who was in attendance at the [district court] proceedings....

[The defendant's] dilemma was not of his own making. The statutory provisions requiring the recording of oral proceedings by the court reporter, and the presence of the clerk of the court to take

the minutes are fairly designed to make the record before the District Court which is a court of record, and to protect a defendant from the very situation now before this Court. It is not the failure of the established procedures that lead to [the defendant's] dilemma; it was a failure to comply with the mandatory provisions of the statute.

When there is such a breakdown in the application of established procedures, as is reflected by this record, which necessitated resort to the parol evidence of court officials and of [the defendant] himself to establish what took place in a court of record, there is such a lack of fundamental fairness and deviation from established rules of procedure as to necessitate the conclusion that [the defendant] has not been afforded the protection of the due process clauses of the Constitutions of the United States and this State.

*Id.* at 636, 428 P.2d at 953.

We find these considerations to be even more compelling in this case. Because search warrant applications are presented ex parte to magistrate judges, Zielinski was not present at the time the detective's testimony was presented and, therefore, Zielinski could not have contested testimony at a reconstruction hearing as to what the detective said.

## IV.

## CONCLUSION.

We affirm the order of the magistrate judge dismissing the complaint.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.