91 P.3d 1105

STATE of Idaho, Plaintiff–Appellant,

v.

Regina BICKNELL, Defendant–
Respondent.

State of Idaho, Plaintiff–Appellant,

v.

Shaun Michael Mercer, Defendant–
Respondent.

Nos. 29085, 29087.

Supreme Court of Idaho,
Boise, April 2004 Term.

May 20, 2004.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent Regina Bicknell. Ms. Huskey argued.

Redal and Redal, Coeur d'Alene, for respondent Shaun Mercer.

EISMANN, Justice.

These are appeals from orders suppressing evidence obtained pursuant to a search warrant on the ground that the search warrant was invalid because it was based upon an affidavit of a Washington State Patrol Detective that had been notarized by a notary public rather than signed in front of the magistrate judge. We reverse the orders suppressing evidence and remand these cases for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On March 15, 2002, a Rathdrum police officer appeared before a magistrate judge seeking a search warrant for evidence related to the crime of automobile theft. In connection with the application for a search warrant, the officer presented the magistrate with the affidavit of a Washington State Patrol Detective that had been notarized by an Idaho notary public. In that affidavit, the detective detailed an investigation that had begun in Washington regarding a vehicle that had been stolen, partially stripped, and then sold. That investigation led to the Rathdrum residence of the defendants-respondents Regina Bicknell and Shaun Mercer, where the detective believed parts of the stolen vehicle were located. The Washington detective did not appear at the hearing. Based upon the affidavit, the magistrate issued a warrant to search the residence and another building in Rathdrum.

At approximately 6:02 a.m. on March 19, 2002, several law enforcement officers executed the search warrant on the residence. During the search, they observed controlled substances and other items associated with controlled substances, as well as a shotgun and a pistol. They also found Bicknell and Mercer in the bedroom of the house. Mercer, a convicted felon, could not legally possess firearms.

Based upon the observations made during the search, the Rathdrum officer returned to the magistrate seeking a second search warrant to seize evidence of the manufacturing, sale, or possession of controlled substances and the illegal possession of firearms. The magistrate issued the search warrant, which the officers executed the same day. On March 20, 2002, the State charged Bicknell and Mercer in separate complaints with trafficking in methamphetamine or amphetamine, a felony. They each waived a preliminary hearing and were held to answer in the district court. On May 2, 2002, the State filed an information in each of their cases.

On May 6, 2002, Bicknell and Mercer each filed motions to suppress on the ground that the affidavit of the Washington detective, which was the basis for issuing the first search warrant, had not been sworn to before a judge. They argued that because the first search warrant was invalid, the second search warrant was also invalid since it was issued based upon evidence discovered when the first search warrant was executed. The district court heard the motions to suppress on July 19, 2002, and on August 15, 2002, it entered orders in each case suppressing the evidence. The district court held that the affidavit of the Washington detective did not comply with Idaho Criminal Rule 41(c) because it was notarized by a notary public rather than executed before a judge and that the search warrant was therefore invalid.

On August 23, 2002, the State filed a motion in each case seeking approval from the district court for an interlocutory appeal of the orders suppressing evidence. The district court gave that approval on September 11, 2002. On September 23, 2002, the State filed motions in this Court under Idaho Appellate Rule 12 seeking permission to appeal

the orders granting the motions to suppress, and we granted that permission by order issued on November 4, 2002. On that same day the State filed its notice of appeal in each case. Both cases were later consolidated for the appeal.

## II. ANALYSIS

■ On February 9, 2004, Bicknell filed a motion to dismiss this appeal, and Mercer did so on March 4, 2004. They argued that this Court did not have jurisdiction because the appeal was filed as a permissive appeal under Idaho Appellate Rule 12 rather than as an appeal as a matter of right under Idaho Appellate Rule 11(c)(7), which provides that an appeal as a matter of right may be taken to the Supreme Court from an order of the district court granting a motion to suppress. They assert that this Court does not have jurisdiction over the appeal because Rule 12 did not apply and the State's notices of appeal were untimely under Rule 11(c)(7), having been filed more than forty-two days after the order granting the motions to suppress.

■ It is clear that this Court has jurisdiction to hear the State's appeals. The orders granting the motions to suppress were interlocutory orders. *State v. Young*, 136 Idaho 113, 29 P.3d 949 (2001). They were not transformed into final judgments simply because Idaho Appellate Rules 11(c)(7) and 14(a) granted the State the right to appeal such orders simply by filing a notice of appeal within forty-two days. No final judgments have yet been entered in either of these cases. Thus, these cases do not involve the failure to file a timely notice of appeal from a final judgment. The Idaho Constitution grants this Court the plenary power to review any decision of the district court. *State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975). We exercised our discretion to grant the State's request to appeal pursuant to Idaho Appellate Rule 12 because these cases present a significant issue, the resolution of which will be of practical importance in the administration of the criminal justice system. The Defendants have not convinced us that we erred in the exercise of that discretion, and therefore we will consider these appeals on their merits. *North Pacific*

*Insurance Co. v. Mai*, 130 Idaho 251, 939 P.2d 570 (1997); *State v. Thompson*, 119 Idaho 67, 803 P.2d 973 n. 1 (1990); *Merritt v. State*, 113 Idaho 142, 742 P.2d 397 (1986); *Stockwell v. State*, 98 Idaho 797, 573 P.2d 116 (1977). Our granting the State's requests for interlocutory appeals under Rule 12 in these cases should not be interpreted as indicating we will do so in the future. If the State wants to insure that it can appeal an order granting a motion to suppress, it should file a timely notice of appeal pursuant to Idaho Appellate Rule 11(c)(7).

■ The district court granted the motions to dismiss because it concluded that the issuance of the search warrant violated the procedure set forth in that portion of Idaho Criminal Rule 41(c), which provides, "A warrant shall issue only on an affidavit or affidavits sworn to before a district judge or magistrate or by testimony under oath and recorded and establishing the grounds for issuing a warrant." The district court construed the phrase "sworn to before a district judge or magistrate" as requiring that the affiant appear personally before the district judge or magistrate and execute the affidavit in the judge's presence.

■ There is no showing that the procedure followed in this case to obtain the search warrant in any way violated either the Constitution of the United States or the Constitution of the State of Idaho. The Fourth Amendment to the United States Constitution states that no "warrants shall issue, but upon probable cause, supported by oath or affirmation." The "oath or affirmation" requirement of the Fourth Amendment is a formal assertion of, or attestation to, the truth of what is said. *United States v. Turner*, 558 F.2d 46 (2d Cir.1977); *United States v. Brooks*, 285 F.3d 1102 (8th Cir.2002). The Defendants have not cited, nor have we found, any authority supporting the proposition that the Fourth Amendment requires that an affidavit submitted in connection with an application for a search warrant must be signed in the presence of the person issuing the warrant. Likewise, our state Constitution does not contain any such requirement. Article I, § 17, simply provides that "no war-

rant shall issue without probable cause shown by affidavit." There is no requirement that the affidavit, if it is in writing,[1] be signed in the presence of the person issuing the search warrant. At the time of the adoption of our Constitution, one of the duties of a notary public was "[t]o take depositions and affidavits, and administer oaths and affirmations, in all matters incident to the duties of the office, or to be used before any court, judge, officer, or board in this Territory." REV. STAT. OF IDAHO TERR. § 289(3) (1887). Had the framers of our Constitution intended to exclude affidavits signed before a notary public from being used to obtain a search warrant, they would certainly have drafted Article I, § 17, to do so.

■ In *State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975), the Court invalidated a statute that required the magistrate, before issuing a search warrant, to "examine on oath the complainant and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them." The *Yoder* Court invalidated the statute because it was in conflict with Idaho Criminal Rule 41(c) and therefore infringed upon this Court's inherent power to formulate rules of practice and procedure within the courts of Idaho. This Court's rule making power goes to procedural, as opposed to substantive, rules. *State v. Beam*, 121 Idaho 862, 828 P.2d 891 (1992). The *Yoder* Court could not have invalidated the statute unless its requirements were procedural, not substantive.

Thus, the issue presented in this case is whether the alleged procedural violation of Idaho Criminal Rule 41(c) justifies the suppression of evidence obtained through execution of the search warrant issued in this case. Each time the exclusionary rule is applied it exacts a substantial social cost because relevant and reliable evidence is kept from the trier of fact, the search for truth at trial is deflected, and persons who would otherwise be incarcerated are allowed to escape the consequences of their actions. *Pennsylvania Bd. of Prob. and Parole v. Scott*, 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998);

*State v. Bottelson*, 102 Idaho 90, 625 P.2d 1093 (1981). The exclusionary rule is not an appropriate sanction for the procedural error alleged here.

The Defendants argue that the exclusion of evidence can be based upon mere procedural errors in the issuance of a search warrant, citing *State v. Zielinski*, 119 Idaho 316, 805 P.2d 1240 (1991), and *State v. Mathews*, 129 Idaho 865, 934 P.2d 931 (1997). In *Zielinski*, no record was made of the oral testimony upon which the search warrant was based. The *Zielinski* Court held the search warrant invalid, but not simply because a procedural statute and criminal rule required that a record be made of the oral affidavit that is presented in support of the search warrant. Rather, the *Zielinski* Court quoted with approval from *Ebersole v. State*, 91 Idaho 630, 428 P.2d 947 (1967), for the proposition that the failure to have a record of the testimony given in support of the search warrant created "such a lack of fundamental fairness and deviation from established rules of procedure as to necessitate the conclusion that [the defendant] has not been afforded the protection of the due process clauses of the Constitutions of the United States and this State." 119 Idaho at 319, 805 P.2d at 1243. The *Mathews* Court held invalid a search warrant that had not been signed. The majority did not base their opinion simply upon statutory requirements that the search warrant be signed, but upon a "substantive right in a citizen to refuse to permit a search pursuant to an unsigned warrant" that was "affirmed by Article XXI, Section 2 of the Idaho Constitution." 129 Idaho at 869, 934 P.2d at 935. The *Mathews* majority also cited Article I, § 17, as establishing a substantive right to a signed search warrant. *Id.* Neither of these cases held a search warrant invalid for mere procedural errors in the issuance of the warrant. Rather, in both cases the Court held that the error in question also impacted the constitutional rights of the defendant.

The Defendants in these cases have not shown how the alleged procedural error in the issuance of the search warrant here in any way impacted any of their substantive

---

1. The word "affidavit" in Article I, § 17, is not limited to written affidavits, but it also includes the recording of sworn testimony. *State v. Badger*, 96 Idaho 168, 525 P.2d 363 (1974).

rights. Therefore, such error affords no basis for suppressing the evidence obtained during the search pursuant to the warrant. The exclusionary rule was not created as a remedy for errors in following procedures, whether imposed by rule or statute, that were not designed to implement or protect constitutional rights. Therefore, the district court erred in granting the motions to suppress.

## III. CONCLUSION

The orders granting the motions to suppress are reversed and these cases are remanded for further proceedings consistent with this opinion.

Chief Justice TROUT, and Justices SCHROEDER and KIDWELL concur.

Justice BURDICK dissenting.

I respectfully dissent. I believe this appeal was not timely perfected by the State and should be dismissed.

On August 15, 2002, the district court granted the motion to suppress evidence derived from the two search warrants issued in this case. On August 23, 2002, the prosecutor filed for permission to appeal pursuant to I.A.R. 12. A hearing on the motion was heard August 26. The defense objected saying this was the wrong rule to proceed under. The district court entered an order on September 11, 2002, granting the permissive appeal. The State filed a motion for permissive appeal with the Supreme Court on September 23, 2002. The Court granted the motion for permissive appeal and gave the State twenty-one days to file an appeal. The State's notice of appeal was filed by the attorney general on November 4, 2002. Forty-two days from August 15 would have been September 26.

Idaho Appellate Rule 12(a) provides:

Permission may be granted by the Supreme Court to appeal from an interlocutory order or decree of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, *which is not otherwise appealable under these rules,* but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate from the order or decree may materially advance the orderly resolution of the litigation. (Emphasis added.)

Subsection (b) of that rule sets forth the procedure to be followed in the district court to obtain approval to pursue this appeal. Subsection (c) of the rule sets forth the procedure to have the appeal, once approved by the district court, accepted by the Supreme Court. Idaho Appellate Rule 11 prescribes an appeal as a matter of right may be taken to the Supreme Court from an order granting a motion to suppress evidence. The State had a right to appeal that order granting the motion to suppress pursuant to I.A.R. 11(c)(7). Thus, the order granting Bicknell's motion to suppress was subject to appeal as a matter of right and distinct from other interlocutory orders that must be appealed with permission pursuant to I.A.R. 12. Moreover, the language of Rule 12 expressly provides for appeals from orders not otherwise appealable under these rules.

An appeal authorized by I.A.R. 11(c)(7) must be perfected by filing a notice of appeal within forty-two days from the date of the court's order suppressing the evidence obtained during the execution of the search warrant. I.A.R. 14(a). *Richardson v. $4543.00 U.S. Currency,* 120 Idaho 220, 814 P.2d 952 (Ct.App.1991). The analysis in *State v. Alanis* 109 Idaho 884, 712 P.2d 585 (1985), as quoted in *State v. Schwarz,* 133 Idaho 463, 988 P.2d 689 (1999), is misleading. *Alanis* was originally before the Court on the issue of whether or not the trial court abused its discretion in considering a motion to suppress which was not timely filed pursuant to Idaho Criminal Rule 12.

The defendant, Linda Mae Alanis was arrested for first-degree murder. She was subsequently charged with first-degree murder, and a trial date of January 6, 1984, was finally set. The Friday before the Monday trial setting, the defendant filed a motion to suppress the taped interrogations conducted by the police during her initial detention. The hearing on the motion to suppress was scheduled for 9:00 a.m. on July 9, 1984. The

trial was scheduled to start on that same day at 1:30 pm. At the hearing the State objected to the motion on grounds it was untimely pursuant to I.C.R. 12(d). The district judge refused the State's request to continue the trial, however, the court did adjourn further argument until the following day at trial. In the meantime, the court proceeded with the trial at 1:30 on the 9th of January, 1984, and the jury was selected and sworn. On January 10, 1984, after further oral argument outside the hearing of the jury, the court granted the motion to suppress. The jury was recalled into the courtroom, and the State was requested to proceed. The State replied it could not continue with the presentation of its case without the suppressed evidence. The State gave notice it would pursue an appeal of the court's order granting the motion to suppress pursuant to I.A.R. 11(c)(4) (now I.A.R. 11(c)(7)). Defense counsel moved for dismissal with prejudice, which was immediately granted by the court, and the defendant was acquitted of all charges. The State subsequently appealed. Justice Bakes, writing with the concurrence of Justice Shepherd, ruled that the order of acquittal is not appealable under I.A.R. 11(c), the order suppressing the statements made by Alanis is expressly made appealable by I.A.R. 11(c), which provides that an appeal as a matter of right may be taken to the Supreme Court from .... an order granting a motion to suppress evidence. The rule does not qualify or condition this right of appeal upon a subsequent entry of final judgment of conviction, nor does it state that such an appeal must be taken immediately upon entry of the order granting the motion. 109 Idaho at 887, 712 P.2d at 588. As a result, Justice Bakes reasoned that the State's appeal was properly taken from an order suppressing evidence. However, Justice Donaldson concurring in part, dissenting in part and specially concurring, ruled there are no grounds for appellate review of this criminal proceeding under I.A.R. 11(c). 109 Idaho at 888, 712 P.2d at 589. Justice Donaldson subsequently allowed the case to be heard pursuant to the special plenary powers of the Court under Article V, § 9 of the Idaho Constitution. *Id.*

There were dissents by Justice Huntley and Justice Bistline. Both dissented on the ground that the acquittal was not appealable pursuant to I.A.R. 11(c). *Id.* at 889, 893, 712 P.2d at 590, 594. Both argued that the appeal made pursuant to provisions of I.A.R. 11(c)(4) could not be heard where an acquittal had been entered. *Id.* That is consistent with the ruling in *State v. Schwarz, supra.* In *Schwarz,* the district court granted an order suppressing evidence on June 22, 1998. Subsequent to that order, the defendant, Schwarz, filed a motion to dismiss based upon the motion to suppress. The district court orally granted the motion to dismiss on July 2, 1998, at approximately 11:00 a.m. On that same day, at 1:10 p.m., the State filed a notice of appeal from the district court's suppression motion. Subsequently, at 4:53 p.m., a proposed order of dismissal was filed by Schwarz, which the district court signed. Justice Schroeder, writing for the Court held that the Supreme Court had jurisdiction to consider the appeal because the State had the right to appeal the order to suppress pursuant to Rule 11(c), and the filing of the appeal had the effect of staying the proceedings before the district court, pursuant to I.A.R. 13(c). 133 Idaho at 466, 988 P.2d at 691.

The time for filing appeals, as provided by I.A.R. 14(a) is terminated only by motions cognizable under the civil or criminal rules of procedure. *See State v. Nelson,* 104 Idaho 430, 659 P.2d 783 (Ct.App.1983). In *Nelson,* the State lost a suppression motion in the district court. Instead of filing a notice of appeal, the State filed a motion for reconsideration of the suppression order in the district court. The Court of Appeals concluded that the motion for reconsideration was not an appropriate filing under the Criminal Rules and, therefore the time for filing a notice of appeal from the suppression order continued to run. *Id.,* at 431, 659 P.2d at 784. Specifically, the Court of Appeals held the time for filing appeals, as provided by I.A.R. 14(a), is terminated only by motions cognizable under civil or criminal rules of procedure. *Id.* Because no motion for reconsideration existed in the civil or criminal rules at that time, the appeal properly filed

under I.A.R. 11(c) was in fact untimely under I.A.R. 14(a).

In conclusion, the State but not the defendant, may appeal from an order suppressing evidence pursuant to I.A.R. (c)(7). That appeal must be filed within forty-two days from the date of the suppression order. I.A.R. 12 also allows for an interlocutory appeal in the extraordinary case. The appeal under I.A.R. 12 is limited to an interlocutory order of the district court in a civil or criminal case which is not otherwise appealable under these rules. An order granting suppression is an interlocutory order appealable as a matter of right under I.A.R. 11(c). The State has failed to properly perfect its appeal in this case, and the appeal should be dismissed.