152 P.3d 8

STATE of Idaho, Plaintiff–Appellant,

v.

Cesia Ann ZUEGER, Defendant–Respondent.

Nos. 31761, 33071.

Supreme Court of Idaho, Boise, October 2006 Term

Dec. 22, 2006.

Rehearing Denied Feb. 27, 2007.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Nevin, Benjamin & McKay, LLP, Boise, for respondent. Dennis A. Benjamin argued.

TROUT, Justice.

The Respondent, Cesia Ann Zueger (Zueger), filed a motion to suppress evidence, which was premised on an alleged procedural defect in a telephonic warrant under Idaho Code section 19–4406. The district judge granted the motion, concluding that a prosecuting attorney is not a peace officer and, therefore, under the statute, the prosecuting attorney has no authority to sign a warrant on the judge's behalf and such a warrant is invalid. The Court of Appeals affirmed the district court, although on different grounds, and this Court granted review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A Fruitland police officer applied for a search warrant to search the residence and associated land owned by Zueger. The officer applied by telephone, with the magistrate judge and a Payette County prosecutor on the line, and testified to information provided by confidential informants that Zueger kept and used methamphetamines in her home and that she and her son were involved in an organized theft operation. The magistrate judge granted the telephonic search warrant. Rather than signing the warrant herself, the magistrate judge instructed the prosecuting attorney to sign it on her behalf.

The warrant was executed and officers searched Zueger's home. Based on the evidence seized from her home, the State charged Zueger with grand theft and possession of methamphetamine. Zueger moved to suppress the evidence found in her home, arguing that the warrant was invalid under I.C. section 19–4406, the statute governing the issuance of telephonic search warrants, which allows a magistrate judge to authorize a peace officer to sign the magistrate's name on a duplicate original warrant. Zueger argued the warrant was defective because (1) it was not properly signed by a magistrate judge or peace officer, (2) it was improperly dated, (3) the magistrate judge failed to endorse and date the copy of the warrant returned to her, and (4) the hearing regarding the warrant was not properly transcribed. In addition to claiming the warrant was procedurally invalid, Zueger asserted there was insufficient evidence given to the magistrate judge for the judge to make an independent determination as to the reliability of the officer's information.

The State moved for preparation of the transcript of the telephonic warrant and the district court issued an order for the transcript the next day. The transcript had not

yet been prepared, however, by the date of the hearing on the motion to suppress. The State argued in its briefing and at the hearing that the telephonic warrant was valid because a prosecutor is a peace officer and could therefore provide the signature on the search warrant when authorized by the magistrate judge. It also argued that Zueger's motion to dismiss for failure to prepare a transcript was premature in light of the transcript's pending preparation. At the close of the hearing, the district judge stated that he would grant the motion to suppress and gave two reasons. First, he found the warrant invalid because a prosecuting attorney is not a peace officer under Idaho law. Second, the judge noted that, without a transcript of the application, the warrant was "subject to a construction that it was simply at the whim and caprice of the prosecuting attorney." The district court's written order granting Zueger's motion to suppress, however, relied only on the conclusion that a prosecuting attorney is not a peace officer and is therefore not authorized to sign a magistrate judge's name to a warrant.

On appeal, the State revised its argument and contended that a magistrate judge is entitled to designate any person, including a prosecutor, to perform the ministerial task of signing a warrant. It also alleged error in suppressing the evidence for lack of a warrant application transcript, arguing there was no due process violation in the failure to prepare a transcript prior to the hearing on the motion to suppress. The Court of Appeals concluded that even if the State's interpretation of I.C. § 19–4406 was validly raised on appeal, a prosecutor's signature did not meet the statutory requirement and, therefore, the warrant was invalid and the motion to suppress was properly granted. This Court then granted the State's petition for review.

## II. STANDARD OF REVIEW

■ While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, this Court reviews the district court's decisions directly. *State v. Rogers,* 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004).

When this Court reviews an order granting or denying a motion to suppress, it accepts the trial court's factual findings unless they are clearly erroneous. *State v. Fees,* 140 Idaho 81, 84, 90 P.3d 306, 309 (2004) (citing *State v. McCall,* 135 Idaho 885, 26 P.3d 1222 (2001)). This Court exercises free review, however, over the trial court's determination of whether or not those facts require suppression of the evidence. *Id.*

■ The meaning and effect of a statute is a question of law over which the appellate court exercises free review. *State v. Hart,* 135 Idaho 827, 25 P.3d 850 (2001).

## III. DISCUSSION

### A. Signature on a telephonic warrant

■ This case presents the question of whether a telephonic warrant is valid if signed by a prosecuting attorney at the direction of a magistrate judge. Idaho Code section 19–4406 governs the issuance of a telephonic warrant. That section provides:

> If the magistrate is thereupon satisfied of the existence of the grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to a peace officer in his county, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the magistrate.

> If the affidavit for the warrant is related to the court telephonically, the magistrate may verbally authorize a peace officer to sign the magistrate's name on a duplicate original warrant, which verbal authorization shall be recorded and transcribed. After service of the warrant, this duplicate original warrant must be returned to the magistrate who authorized the signing of his name on it. The magistrate shall then endorse his name and enter the date on the warrant when it is returned to him. Any failure of the magistrate to make such an endorsement does not in itself invalidate the warrant.

Originally, the State challenged Zueger's motion to suppress by arguing that, for the

purposes of I.C. § 19–4406, a prosecutor qualifies as a peace officer. On appeal, the State raised the alternate argument that I.C. § 19–4406 authorizes a magistrate judge to designate anyone, including a prosecutor, to sign a telephonic warrant on his or her behalf. Admittedly, the State did not raise this argument before the district court and raises it only now on appeal. However, the arguments raised regarding the validity of the warrant were premised on the validity of the prosecutor's signature on the warrant, and fairly encompass the additional argument the State now raises.

It is not necessary for us to accept the State's expansive reading of I.C. § 19–4406 to reach the conclusion that the evidence seized from Zueger's home was improperly suppressed. While that statute limits those who may sign a magistrate judge's name to a warrant to the magistrate herself or an authorized peace officer, the procedural defect that results from a magistrate judge authorizing a prosecutor to sign the magistrate's name to a warrant does not result in a constitutional violation in this instance. In order to rise to the level of a constitutional violation, there must be a defect which calls into question the Constitution's requirement of a finding of probable cause to justify issuance of the warrant. Article I, section 17 of the Idaho Constitution provides that "no warrant shall issue without a finding of probable cause. . . ." In the instant case, nothing was presented to the district court which raised an issue about the magistrate judge's determination that probable cause had been presented to her which supported the issuance of a search warrant.[1] Moreover, it appears clear that the magistrate judge intended that a search warrant issue and that her name be placed on the face of the warrant, which was in fact done. In *State v. Bicknell*, 140 Idaho 201, 91 P.3d 1105 (2004), we concluded that "[t]he exclusionary rule was not created as a remedy for errors in following procedures, whether imposed by rule or statute, that were not designed to implement or protect constitutional rights." *Id.* at 205, 91 P.3d at 1109. This case is similar in the sense that a

mere procedural error, which does not implicate the defendant's constitutionally protected rights, should not serve to invalidate the otherwise properly issued warrant. The Court's finding in *State v. Mathews*, 129 Idaho 865, 934 P.2d 931 (1997), that an unsigned warrant was invalid is inapposite to this case. Our holding in *Mathews* was premised on the "substantive rights of citizens to *require* a valid warrant" where an officer deceived a citizen to proceed with a search after she had questioned the validity of an unsigned warrant. *Id.* at 869, 934 P.2d at 935 (emphasis added). The Court in *Mathews* held that "[f]ailure to supply the signature once it [a warrant] is challenged will vitiate any further search under the warrant." *Id.* at 870, 934 P.2d at 936. In contrast, Zueger does not allege that she or anyone challenged the validity of the warrant at the time of the search.

In the present case, the magistrate stated on the record her finding of probable cause, clearly indicated that she intended to issue a warrant, and specifically directed the prosecuting attorney to sign the warrant on her behalf. Zueger has alleged no due process violation arising from the prosecutor's signature on the warrant, and the Court finds none.

## B. Transcript of a telephonic warrant application

■ Zueger also argued that the warrant to search her home was invalid because it failed to comply with another statutory requirement: that a transcript of the warrant application be prepared. In addition to requiring a magistrate judge to designate a signatory to a warrant in her stead, I.C. § 19–4406 further provides that such "verbal authorization shall be recorded and transcribed." At the time of the hearing on the motion to suppress, no transcript of the warrant application had yet been transcribed, though its preparation had been ordered by the district court. Although the trial judge did not rely on the absence of the transcript in his written order on the motion to sup-

---

1. While this issue may have been raised initially, there was no transcript for the district court to review, so there was no determination made

about probable cause. The transcript issue is dealt with in the next section of this opinion.

press, he did mention the transcript's absence in concluding at the hearing that the warrant was "fatally defective."

The State made an audio recording of the application for a warrant to search Zueger's home at the time the application was made. Days after Zueger filed her motion to suppress, the State moved to have the audio tape of the warrant application transcribed. Moreover, the State apparently made available to Zueger the audio tape itself by the time of the hearing on her motion to suppress. Zueger's case is distinguishable from *State v. Zielinski*, 119 Idaho 316, 805 P.2d 1240 (1991). In *Zielinski*, we upheld a magistrate judge's dismissal of a criminal complaint where there was no record of the detective's testimony given in support of the application for the search warrant. No record of the warrant application, whether audio or transcribed, existed in *Zielinski*. In Zueger's case, however, a record *was* made of the oral affidavit of the officer presented in support of the search warrant. In contrast to *Zielinski*, the lack of the transcript at the time of the hearing in this case speaks not to error on the part of the State, but rather is simply a function of a delay in preparing the transcript. Under the circumstances, the judge should have accommodated the preparation of the transcript before making any determination about the validity of the warrant. Since this matter is being remanded, Zueger will have the opportunity to challenge the magistrate judge's determination of probable cause, if she chooses to do so, and the State will have an opportunity to respond.

## IV. CONCLUSION

The order suppressing evidence found in the search of Zueger's home is reversed and the case is remanded for proceedings consistent with this opinion.

Chief Justice SCHROEDER and Justices EISMANN and JONES concur.

Justice BURDICK Dissenting.

I respectfully dissent. This Court in *Fees* stretched the signature requirement of a search warrant to its outside boundaries and

this case does away with it. I agree with Judge Walters' decision in the Court of Appeals, that the State's argument disregards the statutory requirement of I.C. § 19–4406.