This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,457**

**ROBERT WILTSE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals his conviction for receiving stolen property valued at over $20,000. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. Having given careful consideration to Defendant's arguments, we continue to believe affirmance is warranted. For the reasons discussed below, as well as in the notice of proposed summary disposition, we deny the motion to amend the docketing statement and affirm Defendant's conviction.

{2}     Defendant moves to amend the docketing statement to add five issues: (1) insufficient evidence was presented to support the jury's determination that the value of stolen property received by Defendant was over $20,000; (2) the affidavit supporting the search warrant was insufficiently specific to provide probable cause that would allow the officers executing the warrant to seize any of the property found in Defendant's home; (3) there was no probable cause to issue the warrant that was used to search the detached Conex container located near Defendant's house; (4) the district court erred in denying Defendant's request for a continuance and forcing Defendant to go to trial with only three days to prepare for trial, or alternatively Defendant's trial counsel was ineffective as a result of having insufficient time to prepare for trial; and (5) Defendant's due process rights were violated when, on the

morning of trial, the district court informed him he could represent himself at the trial or be represented by insufficiently prepared trial counsel. [MIO 5-16]

{3}     A motion to amend the docketing statement will only be granted if the issues a defendant seeks to raise are viable. *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007. For the reasons discussed below, none of the issues Defendant raises in his motion is viable, and we therefore deny the motion to amend.

{4}     Defendant first argues that the over-$20,000 valuation of the stolen property is not supported by substantial evidence. This is technically not a new issue, since our notice of proposed summary affirmance broadly addressed the sufficiency of an owner's testimony as to the value of his or her property. However, the issue is framed differently in the motion to amend. Instead of arguing, as the docketing statement did, that the only evidence of value came from the owners of the property, Defendant now focuses on one particular item of property and the owner's testimony as to the value of that one item. Defendant contends that the valuation provided by the owner of the taxidermied deer head was unreasonable, at the same time acknowledging that the testimony was not impeached. [MIO 4-5] Defendant therefore, in effect, asks us to hold as a matter of law that the deer head in question could not be worth the $12,000 that the owner said it was worth. In urging us to so hold, however, Defendant relies on information that was not presented to the jury for its consideration–an eBay

3

advertisement and an advertisement from an online retail outlet. [MIO 7] This Court cannot consider evidence that was not presented to the factfinder for its consideration. *See In re Aaron L.*, 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs."). In addition, simply for illustrative purposes and not to indicate in any way the persuasiveness of this information, we note that at least one non-record source provides a much higher valuation of $10,000 for the trophy value of an exceptionally large deer head. *See* 19.30.11.9, 10 NMAC (establishing "trophy value" for various sizes of deer killed illegally). Thus, this is the type of argument that should be raised in a petition for writ of habeas corpus rather than in this direct appeal. *See State v. Jim*, 2014-NMCA-089, ¶ 29, 332 P.3d 870 (pointing out that where ineffective-assistance claims depend on matters outside the record, they are best suited for habeas proceedings in which district court can develop the necessary record).

{5}     The next issue Defendant seeks to raise is his attack on the sufficiency of the affidavit supporting the search warrant for Defendant's house. Defendant points out that the only property described in the affidavit was as follows: several large televisions, jewelry, and other items matching the description of items stolen in burglaries that occurred in the area over the last few months. [MIO 8-9] Defendant argues that this general description, without specifics, was inadequate to provide

4

probable cause to search the house, arguing that "[t]he fact that there were televisions and jewelry and other items in [Defendant's] house does not give the neutral magistrate enough information to determine whether there was probable cause to search the house." [MIO 10-11] Defendant's argument, however, ignores a crucial portion of the affidavit—the portion in which the affiant states that he recognized a number of items in the house that matched the description of items stolen in recent burglaries. This statement provided probable cause to believe that stolen property was likely to be found in the house and supported issuance of the search warrant. In fact, the affiant's observations would most likely have been sufficient to allow him to seize the items of property without a warrant under the plain-view exception, and we see no reason to impose a higher probable-cause standard on the issuance of a warrant. *Cf. State v. Sanchez*, 2015-NMCA-084, ¶ 13-14, 355 P.3d 795 (discussing plain-view exception and probable cause).

{6}    In the motion to amend, Defendant does not make the same argument that he made below, that the description of the items was not sufficiently specific to alert officers executing the search warrant as to which property was subject to seizure. [RP 74] That argument therefore appears to have been abandoned; but to the extent Defendant may be intending to raise that argument, we believe, as did the district court [RP 138], that the reference to items stolen in recent burglaries would allow

officers to obtain descriptions of the recently-stolen items and use those descriptions to identify property subject to seizure. We also note that Defendant did not identify, either below or on appeal, any items of property that were seized but were not in fact stolen property.

{7}     Defendant's third issue is connected to the issue concerning the search of the house, although it is different. Defendant argues that even if there was probable cause to search the house, probable cause did not exist to search the Conex container that belonged to Defendant but was located on his neighbor's property. [MIO 11] Although the neighbor provided information indicating that he had seen Defendant moving items into the Conex container [MIO 11], Defendant contends that the items could just as easily been consistent with innocent behavior as with storing stolen property. [Id.] Probable cause to search a specific location exists when there are reasonable grounds to believe that evidence of a crime will be found there. *State v. Evans*, 2009-NMSC-027, ¶ 10, 146 N.M. 319, 210 P.3d 216. Given the number of items of stolen property seen in the house while the search warrant was being executed, property that was obtained from a number of burglaries, it was reasonable to believe that the Conex container was also being used to store items of stolen property. Thus, there was probable cause for issuance of the search warrant for the container, and this issue is not viable.

**{8}** Defendant's next argument is framed in the alternative: either the district court erred in refusing to grant a continuance of the trial, or Defendant was provided ineffective assistance of counsel. Defendant relies on the following assertions in support of this issue: (1) trial counsel believed he had been fired by Defendant months previously, and therefore did not prepare for trial; and (2) the district court denied Defendant's request for a continuance and trial was held only three days later. [MIO 12-13] As Defendant points out, the grant or denial of a continuance is discretionary with the trial court. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. For reversal to be warranted, Defendant must show that the denial of the continuance prejudiced him. *Id.* ¶ 16. Defendant has not done so. Although he correctly points out that no more prejudice need be shown than he was denied a potential avenue of defense, *id.*, he does not identify such a potential avenue in this case. [MIO 13] Defendant does not explain how the outcome of the trial could have been different if he had more time to prepare, or what more he would have done to prepare other than to interview witnesses. In fact, he does not reveal what trial counsel did in the three days that he did have to prepare. Given the strong case the State appears to have had against Defendant, nothing in the record indicates that there was insufficient time to prepare. Defendant has not demonstrated an abuse of discretion in the denial of his motion for continuance.

**{9}** As to Defendant's alternative argument, that he received ineffective assistance of counsel, Defendant also has not demonstrated, on the record at least, that his counsel's performance prejudiced him such that the outcome of his trial might have been different had counsel performed better. *See State v. Gallegos*, 2009-NMSC-017, ¶¶ 34-35, 146 N.M. 88, 206 P.3d 993 (pointing out that a defendant claiming ineffective assistance must demonstrate that the outcome of the proceeding would have been different absent counsel's deficient performance). While there may be facts that are not of record that would support Defendant's claim, those facts must be developed in a post-conviction proceeding. *See id.*

**{10}** The final issue Defendant seeks to raise in his motion to amend is a claim that he was denied due process when the district court informed him that he could either represent himself or be represented by counsel, who had only been given three days to prepare for the trial. [MIO 16] Once again, however, Defendant provides no specifics as to how counsel's lack of preparedness affected the trial or the result of the trial. Defendant asks us, in effect, to presume that having only three days to prepare for trial automatically means counsel could not have been adequately prepared. We decline to do so; instead, it was up to Defendant to specifically explain how his ability to present a meaningful defense was impaired by counsel's lack of time to prepare for the trial. *See State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (rejecting the

defendant's due-process claims because the defendant did not demonstrate that he was harmed by the alleged procedural deficiencies in the case, including a denial of continuance); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (observing that "[a]n assertion of prejudice is not a showing of prejudice"). Therefore, this issue is also not viable.

**{11}** Having found none of the issues sought to be raised in the motion amend to be viable, we deny that motion. In addition, since Defendant presented no new argument or authority concerning the issues discussed in our notice of proposed summary disposition, we affirm on those issues for the reasons stated in the notice.

**{12}** Based on the foregoing, we affirm Defendant's conviction.

**{13}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**JULIE J. VARGAS, Judge**