**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45470**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>SCOTT ROBERT HENSLEY,<br><br>      Defendant-Appellant. | )<br>)  **Filed:  November 16, 2018**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Bruce L. Pickett, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Scott Robert Hensley appeals from the judgment of conviction entered upon his conditional guilty plea to possession of methamphetamine.  Hensley argues the district court erred in denying his motion to suppress.  Because Hensley fails to show how the district court erred in its interpretation of Idaho Criminal Rule 41(c), we affirm the district court's order denying Hensley's motion to suppress and judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A detective was placed under oath in front of a magistrate and submitted a signed affidavit in support of a search warrant for Hensley's residence.  The magistrate issued the search warrant.  Law enforcement searched Hensley's residence and found a white crystal substance in a black plastic case along with a metal spoon and syringe.  Hensley was subsequently arrested

1

and charged with felony possession of methamphetamine, Idaho Code § 37-2732(c)(1), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1). The State later amended the information to add a persistent violator sentencing enhancement, I.C. § 19-2514.

Hensley filed a motion to suppress and argued the search warrant failed to comply with the requirements of I.C.R. 41 and was therefore invalid. The district court held a hearing on Hensley's motion to suppress. At the hearing, Hensley clarified he was not contesting the probable cause for the search warrant but rather, the procedure by which the search warrant was handled. The district court denied Hensley's motion to suppress.

Pursuant to a plea agreement, Hensley entered a conditional plea of guilty to possession of methamphetamine, and the State dismissed the remaining charges. The district court imposed a unified sentence of seven years, with one year determinate, and retained jurisdiction. Hensley timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Where the district court's decision turns upon the interpretation of an Idaho statute or rule, we exercise free review. *State v. Slater*, 133 Idaho 882, 888, 994 P.2d 625, 631 (Ct. App. 1999). Although Hensley contends that both constitutions were violated, he provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Hensley's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999)

## III.

## ANALYSIS

Hensley argues the district court erred in denying his motion to suppress. Specifically, Hensley claims the State did not comply with I.C.R. 41 and, thus, the search warrant was invalid. On appeal, the parties disagree as to the meaning of I.C.R. 41 and the extent to which the district court must make an audio recording of the proceedings.

Idaho Criminal Rule 41(c)[1] states, in relevant part:

> A warrant shall issue only on an affidavit or affidavits, which include written certifications or declarations under penalty of perjury, or by testimony under oath and recorded and establishing the grounds for issuing a warrant. If the district judge or magistrate is satisfied that there is probable cause to believe that the grounds for the application exist, the judge or magistrate shall issue a warrant identifying the property or person and naming or describing the person or place to be searched. The finding of probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis, considering the totality of the circumstances, to believe probable cause exists. Before ruling on a request for a warrant the district judge or magistrate may require the affiant to appear personally and may examine under oath the affiant and any witnesses affiant may produce, provided that such proceeding shall be taken down by recording equipment and shall be considered a part of the affidavit.

Here, the following facts were stipulated to at the suppression hearing and thus, are not contested on appeal: the affidavit of probable cause was true and accurate, the detective was the affiant, the search warrant was executed in front of the magistrate, the search warrant was signed by the magistrate, and there was no audio recording of the proceedings. The issue in this case is the lack of an audio recording of the proceeding. When evaluating Hensley's motion to suppress, the district court ruled as follows:

> The Court finds that as a matter of law under the United States Constitution, the Idaho Constitution, the Idaho Code and Idaho Criminal Rule 41 that there does not need to be a recording of the interaction between law enforcement and a magistrate if there is probable cause submitted by a properly sworn written affidavit.

The district court interpreted I.C.R. 41(c) to require a recording if there is oral testimony of facts that the court used in considering probable cause. However, according to the district court, the

---

[1] Idaho Criminal Rule 41 was amended in 2017, but the current version is not at issue in this case. All subsequent citations to I.C.R. 41 refer to the 2016 version of the rule, unless otherwise stated.

3

law does not require a recording if there is no oral testimony of facts that the court considered. In support of its conclusion, the district court relied on the holding from *Slater*.

On appeal, Hensley argues the district court erred because the plain language of I.C.R. 41(c) mandates the recording of all proceedings in which the affiant appears personally before a judge, regardless of whether the judge examines the affiant under oath. The State responds that the district court did not err because the plain language of I.C.R. 41(c) does not impose an audio recording requirement when probable cause is established via a written affidavit.

## A. The Plain Language of Idaho Criminal Rule 41(c) Does Not Require a Recording When a Warrant Is Issued on a Written Affidavit

Hensley directs this Court to the language of I.C.R. 41(c) and argues the plain language of the rule requires an audio recording of the proceedings in which the affiant appears personally before the judge. Specifically, Hensley focuses on the last sentence of the rule, which reads:

> Before ruling on a request for a warrant the district judge or magistrate may require the affiant to appear personally and may examine under oath the affiant and any witnesses affiant may produce, provided that such proceeding shall be taken down by recording equipment and shall be considered a part of the affidavit.

I.C.R. 41(c). According to Hensley, this portion of I.C.R. 41(c) allows the magistrate the discretion to: (1) require the affiant to appear personally; and (2) examine under oath the affiant and any witnesses the affiant may produce. Hensley asserts that the last clause of the sentence qualifies each option, such that an affiant's personal appearance and an affiant's appearance under oath are proceedings that must be recorded.

Hensley's interpretation of I.C.R. 41(c) is limited to the last sentence and fails to account for the remainder of the rule. While it is true that the interpretation of a statute must begin with the literal words and that those words must be given their plain, usual, and ordinary meaning, it is also true that a statute must be construed as a whole. *State v. Montgomery*, 163 Idaho 40, 42, 408 P.3d 38, 40 (2017). We therefore must read I.C.R. 41(c) in its entirety. Idaho Criminal Rule 41(c) provides a warrant shall issue in two ways: (1) on an affidavit or affidavits, which include written certifications or declarations under penalty of perjury; or (2) by testimony under oath and recorded and establishing the grounds for issuing a warrant. The plain language of the rule requires a recording in circumstances where there is not an affidavit, but I.C.R. 41(c) does not impose the same recording requirement when the warrant is "issued on an affidavit." The rule further explains the magistrate shall issue the warrant when satisfied there is probable cause,

4

which is based upon substantial evidence.  I.C.R. 41(c).  Finally, according to the last sentence of I.C.R. 41(c), the magistrate may require the affiant to appear personally and may examine the affiant (and any witness the affiant may produce) under oath.  I.C.R. 41(c).

The district court did not err in its interpretation of I.C.R. 41(c).  In its opinion and order on Hensley's motion to suppress, the district court explained I.C.R. 41(c) does not require a recording of the interaction between law enforcement and a magistrate if there is probable cause submitted by a properly sworn written affidavit.  While I.C.R. 41(c) requires a recording when there is oral testimony of facts used to determine probable case, the district court concluded the law does not require a recording if there is no oral testimony.  This determination finds support within the plain language of the rule.

On appeal, Hensley does not evaluate the district court's analysis or indicate how the district court erred.  Rather, Hensley asks this Court to read I.C.R. 41(c) to impose an additional recording requirement that disregards all but the last sentence of the rule.  While it may be argued that it is a better policy to record all proceedings--as noted by the district court in this case--the plain language of I.C.R. 41(c) does not require the magistrate to make such recordings.  Thus, Hensley fails to show how the district court's application of I.C.R. 41(c) is incorrect.

**B.**  **Idaho Case Law Has Not Interpreted Idaho Criminal Rule 41(c) to Require a Recording When a Warrant Is Issued on a Written Affidavit**

In *Slater*, this Court analyzed the language of I.C.R. 41(c).[2]  There, Slater argued a search warrant was invalid because it was not supported by a proper affidavit, which must be sworn to and signed in the magistrate's presence.  *Slater*, 133 Idaho at 888, 994 P.2d at 631.  Slater also argued--as Hensley does--there was no record made of the officer's testimony, as required by I.C.R. 41(c).  *Slater*, 133 Idaho at 888, 994 P.2d at 631.  The State responded there was no requirement under I.C.R. 41(c) (or I.C. §§ 19-4403, -4404) that the affidavit be physically signed in the presence of the judge issuing the warrant.  *Slater*, 133 Idaho at 888, 994 P.2d at 631.  The State also claimed only an oral affidavit (as opposed to a written affidavit) must be recorded if a search warrant is issued.  *Id.*  In *Slater*, the district court addressed both of the defendant's claims and found:  "Here, we have the written affidavit and facts stipulated to by both parties concerning its execution. We have a record that satisfies both I.C.R. 41(c) and I.C. § 19-4403."

---

[2]  Idaho Criminal Rule 41(c) has been amended several times since 1999, when *Slater* was decided.  Nonetheless, the language of I.C.R. 41(c) at issue in this case is substantively similar to the language of I.C.R. 41(c) when this Court issued *Slater*.

*Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32. On appeal, we affirmed the district court's ruling on the validity of the affidavit. *Id.* at 889, 994 P.2d at 632. In our opinion, we acknowledged Slater's claim that I.C.R. 41(c) requires a recording, but we nonetheless held the affidavit was valid and did not violate the language of I.C.R. 41(c), even though there was no recording of the proceeding. *Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32.

Despite Hensley's claims, we are not persuaded that Hensley's case is distinguishable from our holding in *Slater*. Like Slater, Hensley argues the warrant was invalid because it was not supported by a proper affidavit. Hensley makes the same argument as Slater, claiming the State violated I.C.R. 41(c) because there was no recording of the proceedings. However, this Court did not determine there was a violation of I.C.R. 41(c) in *Slater*, although there was no recording of the proceedings in that case. *Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32. Even without a recording, this Court nonetheless held that the record satisfied I.C.R. 41(c). *Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32. Hensley argues the current case is distinguishable from *Slater*, but we disagree. The issue and holding in *Slater* are applicable to this case and any slight variations in the facts of the case do not alter our reliance on the precedent set forth in *Slater*.

Additionally, Hensley fails to account for critical language from *Slater* which the district court relied on in the instant case. This portion of the *Slater* opinion distinguishes the ruling in *Slater* from a 1991 Idaho Supreme Court case, *State v. Zielinski*, 119 Idaho 316, 805 P.2d 1240 (1991). When evaluating I.C. § 19-4403 and I.C.R. 41(c), the Supreme Court in *Zielinski* explained: "there must be a record made of any oral affidavit that is presented in support of a search warrant." *Zielinski*, 119 Idaho at 318, 805 P.2d at 1242. In contrast, when determining the validity of the affidavit in support of the search warrant, *Slater* explained:

> The facts stipulated to by the parties establish that, under oath, [the officer] swore that the signatures were his and that the information contained in the paperwork were true and accurate to the best of his knowledge. This is sufficient. Defendant argues that because no record of [the officer]'s testimony, or of the proceedings before [the magistrate] wherein the warrant was obtained was made, the warrant should be found defective pursuant to the holding in *State v. Zielinski*, 119 Idaho 316, 805 P.2d 1240 (1991). This reliance is misplaced. In *Zielinski*, the affidavit was oral and a record was attempted to be preserved by electronic tape recording, but the tape recorder failed. There was never a written affidavit, and there was thus no record of the oral proceedings. Here, we have the written affidavit and facts stipulated to by both parties concerning its execution. We have a record that satisfies both I.C.R. 41(c) and I.C. § 19-4403.

6

*Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32. The district court in the instant case used the identical quote from *Slater* when it found the State properly followed the relevant procedure outlined in I.C.R. 41 and thus, denied Hensley's motion to suppress. While Hensley attempts to find support from the holding in *Zielinski*, he fails to account for the critical section of *Slater* in which the court distinguishes (a), the I.C.R. 41 requirements for cases with a written affidavit, from (b), the requirements for cases with only an oral affidavit. According to *Slater* and the district court in our case, a recording is only required when the affidavit in support of a search warrant is oral. *Slater*, 133 Idaho at 888-89, 994 P.2d at 631-32. In contrast, when there is a written affidavit and facts stipulated to by both parties concerning the execution of the written affidavit, then the record is sufficient to satisfy I.C.R. 41(c). *Slater*, 133 Idaho at 889, 994 P.2d at 632.

Here, the parties stipulated that a written affidavit was executed in front of the magistrate. In its order denying Hensley's motion to suppress, the district court correctly explained there does not need to be a recording of the interaction between law enforcement and a magistrate if there is probable cause submitted by a properly sworn written affidavit. Idaho case law supports the district court's position, and Hensley has not provided evidence to suggest the written affidavit in this case was invalid or improper. Because this Court did not require a recording of the proceeding in *Slater*, and because Hensley has not shown error in the district court's reliance on the *Slater* opinion, we affirm the district court.

## IV.

## CONCLUSION

Because Hensley fails to show how the district court erred in its interpretation of I.C.R. 41(c), we affirm the district court's order denying Hensley's motion to suppress and judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.