659 P.2d 783

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Vickie Henderson NELSON, Defendant-Respondent.**

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Lois Kristi NEWCOMB, Defendant-Respondent.**

**Nos. 13475, 13476.**

Court of Appeals of Idaho.

Feb. 23, 1983.

Petition for Review Denied April 27, 1983.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stanley R. Voyles, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Howard Smyser and Douglas Ray Whipple, Burley, for defendants-respondents.

SWANSTROM, Judge.

The state appeals an order of the district court granting defendants' motion to suppress evidence consisting of a small plastic bag of cocaine seized from one of the defendants. We have devoted substantial time considering the merits of the appeal, but find ourselves constrained to dispose of the case on a point of appellate jurisdiction. Before this case was assigned to us by the Supreme Court, the defendants moved to dismiss the appeal, contending that the appeal had not been timely filed. The Supreme Court did not rule on the motion before assigning the case. We hold that appellate jurisdiction is lacking and that the appeal must be dismissed.

The state's notice of appeal was not filed within forty-two days of the filing date of the suppression order. The defendants contend that because the appeal was not timely under Idaho Appellate Rule 14(a) it must be dismissed under I.A.R. 21. The state replies that, after the order to suppress was entered, it filed a timely "motion for reconsideration" in the district court which stayed the running of the time for filing an appeal until that motion was decided.

An order granting a motion to suppress is appealable. I.A.R. 11(c)(4). Rule 14(a) of the Idaho Appellate Rules provides that, in any civil or criminal action:

the time for an appeal from such ... order ... is terminated by the filing of a timely motion, which, if granted, could affect the findings of fact, conclusions of law or judgment ... in which case the appeal period commences to run upon the date of the filing stamp on the order deciding such motion.

We believe that the time for filing appeals, as provided by rule 14(a), is terminated only by motions cognizable under the civil or criminal rules of procedure. Neither the criminal rules nor the civil rules provide for a "motion for reconsideration."

However, the civil rules include I.R.C.P. 59(e) which authorizes motions to alter or amend judgments. In this case the state urges that its "motion for reconsideration" be treated as a motion under rule 59(e). It has been held in *civil* cases that where a so-called motion for reconsideration has been filed within ten days of a final order or judgment entered by a trial court, the motion can be treated as one to alter or amend under rule 59(e). *Obray v. Mitchell,* 98 Idaho 533, 538, 567 P.2d 1284, 1289 (1977); *Lowe v. Lym,* 103 Idaho 259, 646 P.2d 1030 (Ct.App.1982). This court has also held, in *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983), that a motion to reconsider an appellate decision could be treated as a petition for rehearing under I.A.R. 42.

There is no counterpart to I.R.C.P. 59(e) in the Idaho Criminal Rules. Idaho Criminal Rule 36, providing for the correction of clerical mistakes, was not in effect until after the motion for reconsideration in this case was decided. Moreover, in this case it does not appear that the motion seeking reconsideration of the suppression order was directed at any clerical mistake.

Neither are we aware of any general principle by which rules of civil procedure are incorporated into criminal prosecutions. Such incorporation, where it occurs, appears to be specific in subject matter. *See, e.g.* I.C.R. 25 (disqualification of judges), I.C.R. 26 (rules of evidence), and I.C.R. 49 (service and filing papers).

In summary, we can find no rule of criminal procedure which permits a party to file a motion for reconsideration of an order granting a motion to suppress evidence. This does not mean that such a motion is improper if made, but only that it does not terminate the time for filing notice of appeal under I.A.R. 14(a). We conclude that the appeal in this case from the order granting the motion to suppress was not timely; and we lack jurisdiction to decide the issues raised by the state. The appeal is dismissed.

WALTERS, C.J., and BURNETT, J., concur.