829 P.2d 1367

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eric YEATON, Defendant–Appellant.**

**No. 19012.**

Court of Appeals of Idaho.

April 21, 1992.

Eric Yeaton, Boise, appearing pro se.

Larry EchoHawk, Atty. Gen., Jane M. Newby, Sp. Deputy Atty. Gen., Boise, for plaintiff-respondent.

**SUBSTITUTE OPINION**

The Court's prior opinion dated April 1, 1992, is hereby withdrawn.

WALTERS, Chief Judge.

The appellant, Eric Yeaton, was sentenced on February 14, 1990, to four years in the custody of the Board of Correction, with a minimum period of confinement of two years, upon his plea of guilty to aggravated battery. Following a period of retained jurisdiction, Yeaton was released on probation by the district court. On September 27, 1990, his probation was revoked after Yeaton admitted he had violated his probation by contacting the victim of the battery, in contravention of the terms and conditions of his probation. On October 4, counsel for Yeaton filed a combined motion seeking reconsideration of Yeaton's sentence and of the order revoking Yeaton's probation. The district court denied this motion after a hearing on October 16. Notice of appeal was filed on November 14, purporting to appeal from the judgment of conviction, the order revoking probation and from the order denying Yeaton's motion to reconsider his sentence.

On appeal, Yeaton poses two issues. He contends the district court abused its discretion in revoking his probation, and he asserts the court also abused its discretion in denying his request to reconsider the order revoking probation.[1] We affirm, for the following reasons.

**I.**

With respect to the September 27, 1990, order revoking probation, this appeal is untimely because the notice of appeal was not filed within forty-two days of the entry of that order. Idaho Appellate Rule 14 provides that the time for appeal from a "criminal judgment, order or sentence" can be extended by the filing of a motion within fourteen days of the *judgment*. However, there is no similar provision, permitting an extension of the time to appeal, applicable with respect to appellate review of a post-judgment order revoking probation once the fourteen days following the judgment has expired. Any order thereafter entered, including the revocation of probation, is simply an "order made after judgment" which is appealable under I.A.R. 11(c)(9), but the appeal must be filed within forty-two days of that order. Under these rules, Yeaton's motion to reconsider the probation revocation which was filed seven days after the entry of the order revoking probation did not extend the time within which to appeal from that order. *See State v. Nelson*, 104 Idaho 430, 659 P.2d 783 (Ct.App. 1983) (time for appeal from order suppressing evidence not extended by motion to reconsider suppression order.) Because the appeal was taken untimely with respect to the order revoking probation, we are without jurisdiction to review the merits of that order.

However, with regard to the order denying Yeaton's motion to reconsider the order revoking probation, the appeal was timely. Consequently, we have jurisdiction to review the district court's decision not to reconsider revocation of the probation.

**II.**

The district court's determination not to reconsider revocation of Yeaton's probation was a matter committed to the court's sound discretion. The court's exercise of this discretion was explained in detail by the judge when he denied Yeaton's motion. Reiteration of the grounds stated by the court is not necessary at this point. Suffice it to say, the court's observations reflect sound reasoning after considering the information contained in the record and the presentation made at the hearing on Yeaton's motion. Having reviewed the record, I am not persuaded that Yeaton has demonstrated any abuse of the court's discretion-

---

1. Yeaton does not assert any issue on appeal concerning the judgment of conviction, evidently recognizing that his notice of appeal was untimely with respect to the judgment of conviction entered on February 14, 1990. I.A.R. 14. Nor does he raise any issue with regard to the

denial of his request to reconsider his sentence, which request was untimely because it was made after the district court had entered the order revoking probation. *See State v. Hocker*, 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991).

ary decision not to overturn the order revoking probation.

The order denying Yeaton's motion to reconsider is affirmed.

SILAK, J., concurs in Part I and concurs in the result in Part II, above.

SWANSTROM, Judge, specially concurring.

I concur in Part I, but concur in the result only, in Part II. There are circumstances under I.C. § 19–2601 where a court may revoke probation and still retain jurisdiction over the defendant, so that the court could during the period of retained jurisdiction properly "reconsider" its order revoking jurisdiction. There may be other circumstances where the court could revoke probation under I.C. § 20–222 and impose a sentence which would then give the defendant an opportunity to file a I.C.R. 35 motion for reduction of sentence, often called a "motion to reconsider." However, neither of these possibilities allowed Yeaton to file a motion for reconsideration of the judge's decision here to revoke probation. The court did not retain jurisdiction over Yeaton when it revoked probation, so the court could not "reconsider" its order under I.C. § 19–2601. Neither did the court "impose" a sentence when it revoked probation; it merely ordered the previously imposed sentence into execution. So I.C.R. 35 offered Yeaton no avenue to ask the court "to reconsider" the sentence.

I believe that Yeaton's options were used up by the time the court revoked his probation. As the opinion by Chief Judge Walters notes, Yeaton's time for appeal from the sentence had run. Yeaton could have filed a Rule 35 motion for reconsideration of his sentence "upon revocation of probation," but he missed that opportunity by several days. Accordingly, his only remedy was to appeal from the order revoking probation, within forty-two days, but he failed to meet that deadline also. After the order was entered, Yeaton had no right to move for reconsideration and the court had no jurisdiction to grant such a motion.

For the foregoing reasons, I disagree with the statement that it was a "matter of the [district] court's sound discretion" whether to reconsider revocation of Yeaton's probation. The district court did not have the discretion to grant the motion because it had lost jurisdiction over Yeaton. However, because the court denied the motion, I concur in the result.

SILAK, J., concurs.