199 P.3d 769

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas H. THOMAS, Defendant–Appellant.**

**No. 34741.**

Supreme Court of Idaho,
Boise, June 2008 Term.

July 1, 2008.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Heather M. Carlson argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Chief Justice.

This is an appeal from orders revoking probation and denying a reduction of sentence. Because the appeal from the order revoking probation was not timely, we do not address that issue. We affirm the order denying the sentence reduction.

## I. FACTS AND PROCEDURAL HISTORY

Thomas H. Thomas was charged with unlawful possession of a firearm in violation of Idaho Code § 18–3316. He pled guilty to the charge, and on June 28, 2005, he was sen-

tenced to five years in the custody of the Idaho Board of Correction, with four years fixed and 1 year indeterminate. The district court suspended execution of the sentence and placed Thomas on probation for five years. The judgment was entered on July 15, 2005.

On November 28, 2005, the state filed a petition alleging that Thomas had violated the terms of his probation. On December 27, 2005, Thomas admitted the probation violation, and the district court ordered his probation revoked and his sentence executed. The order revoking probation was filed on December 30, 2005.

On January 6, 2006, Thomas filed a motion to reduce his sentence pursuant to Rule 35 of the Idaho Criminal Rules. In the motion, he contended that the indeterminate portion of his sentence should be two years rather than four years. On March 10, 2006, the court entered an order denying the motion. Thomas filed a notice of appeal on April 5, 2006. He sought to appeal from both the order revoking his probation and the order denying his Rule 35 motion.

The appeal was initially heard by the Idaho Court of Appeals. Based upon its opinion in *State v. Yeaton,* 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct.App.1992), it held in an unpublished opinion that Thomas's appeal was untimely as to the order revoking his probation. As to the Rule 35 motion, the Court of Appeals held that Thomas failed to show that the district court abused its discretion in denying the motion, and it affirmed the denial. This Court then granted Thomas's petition for review.

## II. ISSUES ON APPEAL

1. Did Thomas timely appeal from the order revoking his probation?
2. Did the district court abuse its discretion by denying Thomas's motion for reduction of sentence?

## III. ANALYSIS

### A. Did Thomas Timely Appeal from the Order Revoking His Probation?

 The order revoking Thomas's probation was filed on December 30, 2005. He filed his notice of appeal on April 5, 2006, ninety-six days later. Idaho Appellate Rule 14(a) requires that the notice of appeal be filed "within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action." Thomas contends that the time within which to appeal the revocation of his probation did not begin to run until the district court denied his motion for reduction of sentence. He relies upon that portion of Rule 14(a) which provides:

> The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

For this portion of Rule 14(a) to be applicable, a motion that could affect the sentence in the action must be filed "within fourteen (14) days of the entry of judgment." The judgment in this case was entered on July 15, 2005. Thomas's motion for reduction of sentence was not filed until January 6, 2006, more than fourteen days after the entry of the judgment.

Although the order revoking probation was incorrectly entitled "Amended Judgment and Commitment on Probation Violation," Thomas concedes that it is not the title of the document, but its substance, that controls. He contends that the order revoking probation is similar to an amended judgment in substance and that the word "judgment" should be given a broad meaning to include that order.

 Rule 33(b) of the Idaho Criminal Rules defines "judgment" as follows, "The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be

entered accordingly." When the trial court has sentenced the defendant and has suspended execution of the sentence and placed the defendant on probation, upon revocation of the probation the court cannot resentence the defendant. *State v. Pedraza,* 101 Idaho 440, 614 P.2d 980 (1980). In that circumstance, "the original judgment shall be in full force and effect and may be executed according to law," I.C. § 19–2603, although the court can *sua sponte* reduce the sentence pursuant to Idaho Criminal Rule 35. The order revoking probation is not a judgment. It is an "order made after judgment affecting the substantial rights of the defendant," which may be appealed as a matter of right. I.A.R. 11(c)(9).

Although the Rule 35 motion for a reduction of sentence would, if granted, have affected the sentence, it was not filed within fourteen days of entry of the judgment. Therefore, it did not terminate the running of the time for appeal. The filing of a timely notice of appeal is jurisdictional. *Wheeler v. McIntyre,* 100 Idaho 286, 290, 596 P.2d 798, 802 (1979); I.A.R. 21. Therefore, we cannot review on appeal the order revoking Thomas's probation.

**B. Did the District Court Abuse Its Discretion by Denying Thomas's Motion for Reduction of Sentence?**

An order denying a motion for reduction of sentence is reviewed under an abuse of discretion standard. *State v. Adair,* 145 Idaho 514, 517, 181 P.3d 440, 443 (2008). Thomas did not present any new information to the district court in conjunction with his motion for reduction of sentence. "Without additional information being presented, there is no basis for this Court to find that the denial of the Rule 35 motion was an abuse of discretion." *Id.* Therefore, we affirm the denial of Thomas's motion for reduction of sentence.

**IV. CONCLUSION**

We do not have jurisdiction to review the revocation of Thomas's probation because he did not timely file a notice of appeal from that order. We affirm the order denying his motion for reduction of sentence.

Justices BURDICK, J. JONES, W. JONES and HORTON concur.