**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37238**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 703 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 10, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSE LUIS ZEPEDA, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Appeal from order revoking probation and reinstating previously suspended unified three-year sentence for issuing an insufficient funds check, <u>dismissed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jose Luis Zepeda, Jr. pled guilty to issuing an insufficient funds check. I.C. § 18-3106(b). The district court imposed a unified three-year term, suspended the sentence and placed Zepeda on probation. Subsequently, Zepeda admitted to violating the terms of his probation, and the district court revoked probation, retained jurisdiction, and ultimately placed Zepeda back on probation. Four days later, Zepeda was arrested for another crime, and a report of probation violation was filed. Zepeda admitted that he violated the terms of his probation, and the district court revoked probation and ordered execution of the original sentence on October 22, 2009. Zepeda timely filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the

1

district court denied. On December 23, 2009, Zepeda filed a notice of appeal only from the district court's order denying his Rule 35 motion.

Zepeda nevertheless argues that the district court abused its discretion when it revoked his probation and ordered execution of the underlying sentence. We are unable to address the merits of this claim of error, however, because the appeal is not timely from the order revoking probation. Zepeda's notice of appeal was filed more than forty-two days after the revocation order and therefore did not comply with the time limits of Idaho Appellate Rule 14(a). As we explained in *State v. Yeaton*, 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct. App. 1992), his timely filing of a Rule 35 motion for reduction of the sentence did not extend the period for appeal from the revocation order:

> Idaho Appellate Rule 14 provides that the time for appeal from a "criminal judgment, order or sentence" can be extended by the filing of a motion within fourteen days of the *judgment*. However, there is no similar provision, permitting an extension of the time to appeal, applicable with respect to appellate review of a post-judgment order revoking probation once the fourteen days following the judgment has expired. Any order thereafter entered, including the revocation of probation, is simply an "order made after judgment" which is appealable under I.A.R. 11(c)(9), but the appeal must be filed within forty-two days of that order.

Since *Yeaton*, the Idaho Supreme Court has also held that an order revoking probation is not a judgment and, as such, the filing of a Rule 35 motion within fourteen days of such order does not terminate the running of the time for appeal from that order. *See State v. Thomas,* 146 Idaho 592, 594, 199 P.3d 769, 771 (2008).

The failure to file a notice of appeal within the time limits prescribed by Rule 14 deprives the appellate courts of jurisdiction over the appeal. I.A.R. 21; *State v. Fuller*, 104 Idaho 891, 665 P.2d 190 (Ct. App. 1983). Zepeda has presented no issue or argument regarding his Rule 35 motion in this appeal. Accordingly, Zepeda's appeal challenging the order revoking his probation must be dismissed for lack of appellate court jurisdiction.