**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40116/40117**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 442** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 9, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CODY D. JENSEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Appeal from orders revoking probation, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In these consolidated cases, Cody D. Jensen was twice convicted of felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004 and 18-8005(5). In Docket No. 40116, the district court imposed a unified four-year sentence with a two-year determinate term, suspended the sentence and placed Jensen on supervised probation for four years. Subsequently, Jensen admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. After a period of retained jurisdiction, the district court suspended the sentence and reinstated Jensen on probation. Jensen was subsequently charged in Docket No. 40117 with a second felony DUI in violation of his probation in Docket No. 40116. The district court revoked Jensen's probation,

1

ordered the underlying sentence executed in Docket No. 40116, imposed a concurrent unified sentence of ten years with four years determinate in Docket No. 40117, and retained jurisdiction in both cases. Following completion of the retained jurisdiction period, Jensen was again placed on supervised probation. Less than one year later, a report of violation was filed and Jensen admitted the allegations. On March 26, 2012, the district court revoked probation in both cases and ordered the underlying sentences executed. Jensen filed Idaho Criminal Rule 35 motions for reduction of his sentences, which the district court denied on June 18, 2012. On June 29, 2012, Jensen filed notices of appeal in both cases. On appeal he contends that the district court abused its discretion in failing to sua sponte reduce his sentences upon revoking probation. He expressly does not challenge the denial of his Rule 35 motions.

Jensen's appeals are untimely from the orders revoking probation, and we are therefore constrained to dismiss these appeals. Jensen's notices of appeal were filed timely from the orders denying his Rule 35 motions, but not timely from the orders revoking his probation. Rule 14 of the Idaho Appellate Rules provides that an appeal may be taken from a post-judgment order of the district court in any criminal action within forty-two days from the date of the filing of the order. A motion for reduction of sentence can extend the time for filing an appeal, but only if the motion was filed within fourteen days of the entry of *judgment*. *State v. Thomas*, 146 Idaho 592, 593, 199 P.3d 769, 770 (2008); *State v. Yeaton*, 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct. App. 1992) (citing I.A.R. 14). This requirement of initiating an appeal within the forty-two-day time limit is jurisdictional, and any non-complying appeal must be dismissed. *Thomas*, 146 Idaho at 594, 199 P.3d at 771; *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982). In circumstances very similar to those presented here, this Court explained:

> Idaho Appellate Rule 14 provides that the time for appeal from a "criminal judgment, order or sentence" can be extended by the filing of a motion within fourteen days of the *judgment*. However, there is no similar provision, permitting an extension of the time to appeal, applicable with respect to appellate review of a post-judgment order revoking probation once the fourteen days following the judgment has expired. Any order thereafter entered, including the revocation of probation, is simply an "order made after judgment" which is appealable under I.A.R. 11(c)(9), but the appeal must be filed within forty-two days of that order. Under these rules, Yeaton's motion to reconsider the probation revocation which was filed seven days after the entry of the order revoking probation did not extend the time within which to appeal from that order. *See State v. Nelson*, 104 Idaho 430, 659 P.2d 783 (Ct. App. 1983) (time for appeal from order suppressing evidence not extended by motion to reconsider suppression order.)[.] Because the

> appeal was taken untimely with respect to the order revoking probation, we are without jurisdiction to review the merits of that order.

*Yeaton*, 121 Idaho at 1019, 829 P.2d at 1368. Since *Yeaton*, the Idaho Supreme Court has also held that an "order revoking probation is not a judgment" and, as such, the filing of a Rule 35 motion within fourteen days of such order does not terminate the running of time for appeal from that order. *Thomas*, 146 Idaho at 594, 199 P.3d at 771.

Here, Jensen did not file his notices of appeal until more than three months after entry of the orders revoking his probation. Jensen's motions for reconsideration of his sentences, although timely in themselves, did not extend the time for appealing from the orders revoking probation. Therefore, this Court lacks jurisdiction to consider the issues raised by Jensen on appeal and the appeals are, accordingly, dismissed.