**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40228**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 647** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 29, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DEWAYNE JOAQUIN RUSCO, aka** | ) | **THIS IS AN UNPUBLISHED** |
| **DEWAYNE DAVID, WAYNE RUSCO,** | ) | **OPINION AND SHALL NOT** |
| **WAYNE RUCSO, DEWAYNE JOQUIN** | ) | **BE CITED AS AUTHORITY** |
| **RUSCO,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Susan E. Wiebe, District Judge.

Appeal from order relinquishing jurisdiction, <u>dismissed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Dewayne Joaquin Rusco was convicted of felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005. The district court sentenced Rusco to a unified term of eight years with a minimum period of confinement of three years and retained jurisdiction. On April 5, 2012, the court relinquished jurisdiction without a hearing and ordered execution of Rusco's sentence. The next day, Rusco filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which was denied on July 16, 2012. Rusco filed a notice of appeal on August 3. On appeal, he challenges only the district court's decision to relinquish jurisdiction.

1

Rusco's appeal is untimely to challenge the April 5, 2012, order relinquishing jurisdiction. Under Idaho Appellate Rule 14(a), Rusco had forty-two days from the date of the order relinquishing jurisdiction within which to file an appeal. A Rule 35 motion for reduction of a sentence can extend the time for filing an appeal only if the motion was filed within fourteen days of entry of the judgment. I.A.R. 14; *State v. Thomas*, 146 Idaho 592, 593, 199 P.3d 769, 770 (2008); *State v. Yeaton*, 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct. App. 1992).

Rusco argues that his appeal is timely because I.A.R. 14(a) provides that if the court retains jurisdiction, "the length of time to file an appeal from the sentence contained in the original judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation." Rusco argues that under this provision, an order relinquishing jurisdiction is "essentially the same as the judgment," so his Rule 35 motion extended the appeal deadline. Rusco's interpretation is without merit. This provision of Rule 14(a) tolls the time for an appeal of the sentence imposed in the original judgment; it does not transform an order relinquishing jurisdiction into a "judgment."

Because the requirement of perfecting an appeal within time limits specified in Rule 14 is jurisdictional, any appeal taken after expiration of that time must be dismissed. *Thomas*, 146 Idaho at 594, 199 P.3d at 771; *State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct. App. 1982). Therefore, this appeal from the district court's order relinquishing jurisdiction is dismissed.