**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40631**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 718 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TIFFANY MARIE BARTLETT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Thomas F. Neville, District Judge.

Appeal from order revoking probation and reinstating previously suspended sentence, dismissed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Tiffany Marie Bartlett pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and the district court withheld judgment and placed Bartlett on probation.  Bartlett admitted to violating the terms of her probation and the district court revoked her withheld judgment and probation and imposed a unified sentence of seven years, with a minimum period of confinement of one year.  The district court retained jurisdiction for 180 days.  Thereafter, the district court suspended Bartlett's sentence and placed her on probation.  The district court entered an order revoking Bartlett's probation and ordered execution of the underlying sentence.  Bartlett filed an I.C.R. 35 motion for reduction of her sentence, which the district court denied.

1

On appeal, Bartlett argues only that the district court erred in declining to sua sponte reduce her sentence upon revocation of her probation.

Idaho Appellate Rule 14 provides that an appeal may be taken from an order of the district court within forty-two days form the date of the filing of the order. A motion for reduction of sentence can extend the time for filing an appeal, but only if the motion is filed within fourteen days of the entry of the judgment. *State v. Thomas*, 146 Idaho 582, 593, 199 P.3d 769, 770 (2008); *State v. Yeaton*, 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct. App. 1982). The requirement of perfection of an appeal within the forty-two days is jurisdictional, and any appeal taken after expiration of the filing period will be dismissed. *Thomas*, 146 Idaho at 593, 199 P.3d at 770. The timeliness of an appeal from an order revoking probation under similar circumstances to those in this case was addressed by this Court in *Yeaton*, 121 Idaho 1018, 829 P.2d 1367. The Idaho Supreme Court has also held that an order revoking probation is not a judgment and, therefore, the filing of a Rule 35 motion within fourteen days of such order does not terminate the running of the time for appeal from that order. *Thomas*, 146 Idaho at 594, 199 P.3d at 771.

On January 8, 2013, Bartlett filed a notice of appeal, timely only from the district court's order denying her Rule 35 motion. The district court had revoked Bartlett's probation on November 21, 2012. Although Bartlett's Rule 35 motion was filed within fourteen days of the order revoking probation, this did not extend the time for appealing from the order revoking probation. *See Thomas*, 146 Idaho at 594, 199 P.3d at 771; *Yeaton*, 121 Idaho 1019, 829 P.2d 1368. Therefore, this Court lacks jurisdiction to review the order revoking Bartlett's probation, and her appeal must be dismissed.