# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42890 & 42891

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 392 |
| | ) |
| Plaintiff-Respondent, | ) Filed: February 16, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| STEVEN ERNST SIMCASK, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Appeal in Docket No. 42890, dismissed; order denying successive Idaho Criminal Rule 35 motion in Docket No. 42891, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In these consolidated appeals, Docket Nos. 42890 & 42891, Steven Ernst Simcask pled guilty to one count of felony operating a motor vehicle while under the influence, Idaho Code §§ 18-8004, 18-8005(6), 18-8008, in each case. For each count, the district court imposed a unified ten-year sentence, with two years determinate, to run concurrently. The district court retained jurisdiction, and Simcask was sent to participate in the retained jurisdiction program. Three months after being sent on a retained jurisdiction, the district court relinquished jurisdiction. Simcask filed an Idaho Criminal Rule 35 motion, which the district court granted, setting aside the order relinquishing jurisdiction and once again retaining jurisdiction. Simcask

1

was sent to participate in the retained jurisdiction program. Approximately seven months later, the district court relinquished jurisdiction and executed the underlying sentence.

In 42891, Simcask filed a second I.C.R. 35 which the district court denied. Simcask did not file a second I.C.R. 35 motion in 42890. Simcask filed a notice of appeal in each case.

Idaho Appellate Rule 14 states:

If, at the time of judgment, the district court retains jurisdiction pursuant to Idaho Code § 19-2601(4), the length of time to file an appeal from the sentence contained in the criminal judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation; provided, however, that all other appeals challenging the judgment must be brought within 42 days of that judgment.

In 42890, Simcask did not timely file his notice of appeal from the ordering relinquishing jurisdiction pursuant to I.A.R. 14. The requirement of initiating an appeal within the forty-two-day time limit is jurisdictional, and any non-complying appeal must be dismissed. *State v. Thomas*, 146 Idaho 592, 594, 199 P.3d 769, 771 (2008); *State v. Tucker*, 103 Idaho 885, 888, 665 P.2d 92, 95 (Ct. App. 1982). Accordingly, the notice of appeal filed in 42890 is dismissed.

In 42891, Simcask's appeal is timely from the denial of his successive I.C.R. 35 motion. Initially, we note that a lower court's decision to grant or deny an I.C.R. 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Even assuming the district court had jurisdiction to entertain his filed motion, Simcask has the burden of showing a clear abuse of discretion on the part of the district court in failing to reduce the sentence on his I.C.R. 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Simcask has failed to show such an abuse of discretion. Accordingly, the order of the district court denying Simcask's successive I.C.R. 35 motion in 42891 is affirmed.

2