## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46257

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 12, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| SRITEJA YAMPARALA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. David Manweiler, Magistrate.

Appeal from decision of the district court, on intermediate appeal from the magistrate court, affirming the judgment of conviction for failure to renew vehicle registration, <u>dismissed</u>.

Sriteja Yamparala; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Sriteja Yamparala appeals from the district court's decision, on intermediate appeal from the magistrate court, affirming the judgment of conviction for failure to renew vehicle registration in violation of Idaho Code § 49-430. Yamparala asserts that the State improperly denied his initial attempt to renew his registration, violated the Idaho Consumer Protection Act, committed various discovery violations, misrepresented facts during trial, and violated his right to be heard during the trial proceedings. The State asserts the district court lacked jurisdiction over Yamparala's intermediate appeal because the notice of appeal was untimely. Alternatively, the State claims that Yamparala has waived all issues alleged in his complaint through various procedural errors. Because Yamparala's notice of appeal was filed seventy-four days after the magistrate's judgment of conviction, the appeal was untimely, and this Court dismisses the

1

appeal for lack of jurisdiction.  Even if the appeal was timely, Yamparala's claims fail on the merits.

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

An officer cited Yamparala for failing to renew his vehicle registration, an infraction, pursuant to I.C. § 49-430.  At trial, Yamparala argued that he tried to timely renew his driver's license and vehicle registration, but the Department of Motor Vehicles (DMV) improperly denied his attempt.  Yamparala presented documents to support his allegations.  The magistrate reviewed the documents and determined that Yamparala was guilty of driving without a valid registration at the time of the citation.  Yamparala did not move to enter the exhibits at his hearing and so the documents are not a part of the appellate record.

Yamparala filed a timely notice of appeal from the magistrate's judgment, raising three issues:  the State improperly denied his initial attempt to renew his registration, violated the Idaho Consumer Protection Act, and committed various discovery violations.  Yamparala used a form notice of appeal that referenced the district court, the Public Utilities Commission, the Industrial Commission, and named the Ada County Prosecuting Attorney as a responding party.  The text of the notice of appeal stated that Yamparala was appealing to the "Idaho Supreme Court" and that Yamparala "has a right to appeal to the Idaho Supreme Court."  The appeal was filed as an appeal to the Idaho Supreme Court.  The notice of appeal did not comply with Idaho Criminal Rule 54(a)(1)(A), as it appealed from the "'Pre-Trial Memorandum' of 'Guilty $67.00,'" rather than the judgment of conviction, although both were entered on December 21, 2018.

The Idaho Supreme Court issued an order conditionally dismissing the appeal, finding that there was no final, appealable judgment or order entered in the district court from which a notice of appeal may be taken.  Approximately ten days after the order conditionally dismissing the appeal and seventy-four days after judgment was entered, Yamparala filed a second notice of appeal.  The second notice of appeal stated that Yamparala was appealing to the district court.  Subsequently, the Idaho Supreme Court dismissed Yamparala's original appeal, stating that it was dismissed "as [Yamparala's second appeal] is proceeding in the Ada County District Court."  A remittitur was issued on the first appeal.

Although the second appeal was filed seventy-four days after the magistrate's judgment of conviction, the district court treated the appeal as timely, emphasizing that the "order of dismissal specifically noted that the appeal in the district court 'is proceeding.'" The district court affirmed the magistrate's decision, holding that Yamparala's appeal did not contain an "issues section" as required by Idaho Appellate Rule 35(a)(4), included information that was not properly in the record, alleged issues that were not raised before the magistrate, and failed to support the allegations with requisite authority. Yamparala timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

On appeal to this Court, the threshold inquiry is whether Yamparala's second notice of appeal, filed seventy-four days after the magistrate's order, was timely. Pursuant to I.C.R. 54, an appeal of a final judgment of conviction entered by the magistrate must be taken to the district court by filing a notice of appeal with the clerk of the district court in the county where the magistrate trial was held. I.C.R. 54(a)(1), (b)(1). The notice of appeal must be filed within forty-two days from the date of the underlying judgment or order. I.C.R. 54(b)(1)(A). Failure to timely file a notice of appeal deprives the district court of jurisdiction and results in dismissal of the appeal. I.C.R. 54(m).

The State asserts that Yamparala's second notice of appeal was untimely because it was filed seventy-four days after the magistrate entered the judgment of conviction. The State argues that Yamparala's second notice of appeal cannot relate back to the first, timely filed notice, because the first notice was dismissed by the Idaho Supreme Court. Further, the State contends that no procedural rule permits Yamparala to extend the jurisdictional time to file a notice of appeal from a magistrate court order by first filing the notice directly with the Idaho Supreme Court, instead of the district court.

In response, Yamparala asserts that he filed his second notice of appeal after receiving notice through the conditional notice of dismissal that he incorrectly appealed directly to the Idaho Supreme Court. Therefore, the second notice of appeal should be considered timely because it came at the direction of the Idaho Supreme Court, and thus relates back to the date of his first appeal.

Idaho courts have not directly addressed whether: (1) an untimely notice of appeal may relate back to a timely, but dismissed, notice of appeal; or (2) an improperly filed notice of appeal tolls the time for an appellant to file a subsequent, effective notice of appeal. However, other states have held that a notice of appeal cannot relate back to an ineffective notice that failed to confer jurisdiction upon the appropriate appellate court. *See First Health Settlement Class v. Chartis Speciality Ins. Co.*, 111 A.3d 993, 998 (Del. 2015). Further, in other contexts, Idaho courts have generally held that the time requirements for filing a criminal appeal cannot be extended beyond the expressed parameters of I.A.R. 14. *See State v. Yeaton*, 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct. App. 1992) (holding that the filing of a motion for reconsideration of a probation revocation did not extend the time within which to appeal from that order); *State v. Nelson*, 104 Idaho 430, 431, 659 P.2d 783, 784 (Ct. App. 1983) (holding that filing a motion for reconsideration for an order granting a motion to suppress evidence does not toll the time for filing notice of appeal); *State v. Krambule*, 163 Idaho 264, 266, 409 P.3d 844, 846 (Ct. App. 2017) (holding that a probationary period does not extend the time in which a defendant may appeal from the judgment of conviction and sentence).

The district court determined that although Yamparala's second notice of appeal was filed seventy-four days after the magistrate's judgment of conviction, it would treat the appeal as timely because the Idaho Supreme Court noted that Yamparala's second appeal was "proceeding" in the district court in its dismissal order. This Court disagrees. Here,

4

Yamparala's first notice of appeal was ineffective at conferring jurisdiction on the Idaho Supreme Court because there was no final, appealable order of the district court. Therefore, his second notice of appeal does not become timely simply by relating back to an ineffective, and ultimately dismissed, prior notice of appeal. Because Yamparala filed the second notice of appeal seventy-four days after the magistrate's judgment, thirty-two days late, the second notice of appeal was untimely.

Yamparala offers additional arguments for why his appeal should be treated as timely or excused from the timeliness requirements. Yamparala contends that his timely notice of appeal was intended to be an appeal to the district court, but instead was improperly treated as an appeal to the Idaho Supreme Court. In support of this argument, Yamparala emphasizes the fact that he filed the notice at the district court and referenced the district court in the notice's caption. However, neither the filing location nor the caption show that it was improper to file the notice of appeal as an appeal to the Idaho Supreme Court.

Notices of appeal to the district court and to the Idaho Supreme Court are both filed with the clerk of the district court. I.C.R. 54(b)(1); I.A.R. 14. Therefore, the fact that Yamparala filed the notice of appeal with the clerk of the district court does not demonstrate that Yamparala intended to appeal to the district court rather than the Idaho Supreme Court. Additionally, I.C.R. 54(d)(2) requires that a notice of appeal from the judgment of a magistrate contain the title of the court to which the appeal is taken. Yamparala's caption referenced the district court, the Public Utilities Commission, and the Industrial Commission. Therefore, by itself, the caption does not demonstrate to which entity Yamparala intended to appeal, only the location of the filing of the appeal. The body of the notice of appeal explicitly states that Yamparala was appealing "to the Idaho Supreme Court"; consequently, the notice of appeal was properly treated as an appeal to the Idaho Supreme Court.

Alternatively, Yamparala contends that I.C.R. 54 does not require automatic dismissal in these circumstances and that any procedural error in timeliness be treated as excusable neglect pursuant to 28 U.S.C. § 2107(c). A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Here, Yamparala does not provide any argument or authority why I.C.R. 54, which governs the process for appeals from the magistrate division, should not apply in this case. Further, Yamparala does not provide any argument or authority why 28 U.S.C. § 2107(c), which governs the time to

5

appeal civil matters in federal courts, should apply to a criminal action in Idaho state court. Therefore, as neither assertion is supported by argument and authority, both arguments are waived and will not be considered.

Because the failure to timely file a notice of appeal is jurisdictional, this Court cannot address the merits of an untimely filed appeal. *Walton, Inc. v. Jensen*, 132 Idaho 716, 719, 979 P.2d 118, 121 (Ct. App. 1999). However, for the purposes of guidance, the following serves as an explanation for why the district court's decision would be affirmed, even if the appeal was timely.

When a party appeals a decision to the district court, it must only raise issues that it presented to the magistrate, because generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Further, where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003).

On appeal to this Court, Yamparala raises several issues that were not raised in both the magistrate court and the district court and therefore these issues are not properly preserved for appeal. Yamparala implicitly acknowledges that he did not raise issues properly below. However, he asserts that the magistrate's actions during the trial inhibited his ability to do so, denying him due process and creating an exception to the general rule of issue preservation. Assuming that a due process violation may act as a valid exception in this context, Yamparala needed to raise this issue to the district court to properly preserve the issue. As Yamparala did not raise this issue to the district court, this Court cannot consider the issue.

Therefore, this Court may only consider Yamparala's claim that the State improperly denied his initial attempt to renew his vehicle registration because it is the only issue properly asserted at the magistrate court and the district court. Yamparala, an H1B visa holder, asserts that he attempted to timely renew his driver's license and vehicle registration while his petition for a visa extension was pending with the United States Citizenship and Immigration Services. Yamparala alleges that federal regulations state that while an H1B's visa holder's petition for extension is pending, the petitioner can legally reside and receive all services in the United States for 240 days after the underlying visa expires. Yamparala contends that, in spite of this federal regulation, the DMV denied his renewal request.

6

The district court determined that Yamparala waived consideration of this issue on intermediate appeal because Yamparala did not: (1) include an "issues section" as required by I.A.R. 35(a)(4) and (6); (2) provide citations to authority; or (3) support his claims with admissible documents in the record. Inherent in appellant procedure is the requirement that the party alleging error has the burden of showing error in the record. *See Bolognese v. Forte*, 153 Idaho 857, 866, 292 P.3d 248, 257 (2012). An appellant must assert assignments of error with particularity and support positions with sufficient authority, or else the issues are deemed waived for purposes of appeal. *PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). Here, Yamparala does not claim the district court erred in its determinations, but instead makes generalized statements that the State improperly denied his timely attempt to renew his vehicle registration. Therefore, Yamparala waives his claim that the State improperly denied his initial attempt to renew his vehicle registration on appeal.

However, even if this Court could consider this issue, Yamparala has not supported his claims with the required argument or authority. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970. In support of this claim, Yamparala cites to a single page in the federal register and references two documents that he attached to his opening brief. This Court is constrained by the record on appeal and thus cannot consider matters or materials that are not contained in the record. *Kootenai Cty. v. Harriman-Sayler*, 154 Idaho 13, 16, 293 P.3d 637, 640 (2012). "Items attached to a party's opening brief are not part of the record." *Id*. As the documents that Yamparala attached to his opening brief were not made part of the record, these documents cannot be considered on appeal by this Court.

As a result, Yamparala's citation to a single page in the federal register is the only authority Yamparala provides to support his claim that the State improperly denied his initial attempt to renew his vehicle registration. This page of the federal register includes citations to numerous federal regulations. Without further specificity, it is not clear which, if any, of these regulations Yamparala relies upon to support his claim that the State improperly denied his renewal attempt. This Court will not review each regulation in an attempt to determine which, if any, are applicable. Yamparala similarly fails to provide the argument necessary to support his claim. For example, Yamparala does not argue why a 240-day extension for his employment status would extend to the collateral privileges of lawful immigration status, like the ability to

obtain a driver's license and register a vehicle. Therefore, without additional argument or authority, Yamparala waives this claim on appeal.

Even if Yamparala had a valid claim for wrongful denial of a vehicle registration renewal, he does not provide argument or authority to explain why the courts are the appropriate forum at this point to seek a remedy. The Idaho Administrative Procedures Act provides that a person is not entitled to judicial review of an agency action until that person has exhausted all required administrative remedies. I.C. § 67-5271. As such, "[t]he statutory scheme under the motor vehicle code does not contemplate judicial review unless the administrative hearing process is complete." *Wanner v. State, Dep't of Transp.*, 150 Idaho 164, 170, 244 P.3d 1250, 1256 (2011). Yamparala acknowledges that a DMV employee told him that the appropriate step to challenge the DMV's denial of his registration renewal was to take the claim to the Idaho Department of Transportation, but Yamparala says he did not have time to immediately pursue that process. Yamparala did not seek administrative review with the Department of Transportation, and Yamparala does not present argument or authority explaining why he was exempt from exhausting that remedy. Thus, even if the notice of appeal was timely, Yamparala would have been unsuccessful in his attempt to overturn the judgment of conviction for failing to renew his vehicle registration.

## IV.
## CONCLUSION

Yamparala's notice of appeal, filed seventy-four days after the magistrate entered the judgment of conviction, was untimely filed. Therefore, this Court lacks the jurisdiction to consider the claims on appeal, and Yamparala's appeal from the district court's decision, on intermediate appeal from the magistrate, is dismissed.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.